IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANASTASIA THOMAS, | Civil No. 1: CV-04-0145 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| vs. | |
| PHILHAVEN, DAUPHIN COUNTY JUVENILE PROBATION OFFICE, and JERMAINE FOX, | JURY TRIAL DEMANDED |
| Defendants | |

**MEMORANDUM and ORDER**

Before the court is Defendant Dauphin County Juvenile Probation Office's ("DCJPO") motion for summary judgment. (Doc. 86.) Plaintiff has not filed a brief opposing DCJPO's motion within the fifteen day period allotted by the Middle District's Local Rule 7.6. Additionally, DCJPO, in its reply brief (Doc. 105)[1], stated that Plaintiff's counsel has indicated that Plaintiff does not intend to file a brief in opposition. Thus, the court will deem DCJPO's motion for summary judgment to be unopposed.[2]

Rule 56.1 of the Middle District's Local Rules provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the

---

[1] DCJPO's reply brief responded Defendant Philhaven's brief in opposition to DCJPO's motion for summary judgment. (*See* Docs. 86, 87, 95, 105.) Prior to DCJPO's reply brief, Philhaven filed a praecipe to withdraw its brief in opposition to DCJPO's motion for summary judgment and its counter-statement of material facts filed in response to DCJPO's statement of material facts. (Doc. 104.)

[2] Rule 7.6 of the Middle District's Local Rules provides the following in relevant part "[a]ny party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

opposing party." Plaintiff has not submitted a counter-statements of material facts; thus, all facts in DCJPO's statement of material facts are deemed to be admitted by Plaintiff.

Plaintiff alleges claims against DCJPO based on 42 U.S.C. § 1983. Additionally, Plaintiff asserts claims against Philhaven and Jermaine Fox. Plaintiff's claims against DCJPO revolve around two instances of statutory rape committed by Fox against Plaintiff, while Plaintiff was a resident of Philhaven. Fox was an employee of DCJPO; however at the time of the incidents in question Fox was on military leave. (SMF ¶¶ 26-30.) On the two occasions, Fox went to Philhaven and presented himself to Philhaven staff as Plaintiff's probation officer. Fox then left with Plaintiff, after which the sexual assaults occurred.

DCJPO permitted Fox to retain a DCJPO photo identification card; however, the card alone did not establish his authority. (SMF ¶¶ 63-64.) In addition, Fox was permitted to retain the identification card for legitimate business purposes. (SMF ¶ 32.) Finally, DCJPO had no knowledge of a history of employees, who were on leave and in good standing, of using their photo identification card to commit crimes. (SMF ¶ 33.)

DCJPO trained its employees and enacted and enforced policies to protect against the very conduct alleged. (SMF ¶¶ 37, 40,77-97.) Fox readily admits that he acted contrary to the training provided by DCJPO and the policies enforced by DCJPO. (SMF ¶ 94.)

In support of its motion for summary judgment DCJPO asserts the following arguments: 1) Plaintiff cannot establish the requisite level of personal involvement by DCJPO; 2) the court should not recognize Plaintiff's claim for state created danger, as such claim has not been recognized by the Supreme Court; 3) Plaintiff has failed to state a claim upon which relief can be granted; and 4) Plaintiff has failed to establish that an official policy, practice, or custom caused her injuries. The court finds that Plaintiff has failed to establish DCJPO's personal involvement and that Plaintiff has

failed to establish that an official policy, practice, or custom existed that caused her injuries. Because the court finds these two arguments convincing, the court need not address Defendant's remaining arguments.

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).) DCJPO asserts that it is an agency of Dauphin County that is administered by the Dauphin County Court of Common Pleas. (SMF ¶¶ 4, 5.) The president judge of the court is the only person with the authority to hire, discipline, or terminate any employee's employment. ( SMF ¶ 6.) Furthermore, DCJPO is not a municipal corporation. (SMF ¶ 7.) Thus, according to DCJPO, Plaintiff's allegations fail to establish that DCJPO had any personal involvement in the injuries sustained by Plaintiff. The court finds DCJPO's argument to be convincing.

It is well established that respondeat superior or vicarious liability will not attach to a § 1983 claim. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). For the unlawful conduct of an employee to be imputed to DCJPO, Plaintiff must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff has failed to establish that any such policy, practice, or custom existed.

Plaintiff cannot establish the requisite personal involvement on the part of DCJPO or point to any official policy, practice, or custom that caused her harm; accordingly, the court will grant DCJPO's instant motion for summary judgment.

**IT IS HEREBY ORDERED THAT:**

1) Dauphin County Juvenile Probation Office's motion for summary judgment is **GRANTED**.

   2) The Clerk of Court shall defer the entry of judgment until the conclusion of the case.

               s/Sylvia H. Rambo
               SYLVIA H. RAMBO
               United States District Judge

Dated: April 21, 2006.